Kenneth D. Freundlich (SBN 119806)
Michael J. Kaiser (SBN 258717)
FREUNDLICH LAW
16133 Ventura Boulevard, Suite 1270
Encino, CA 91436
P: (310) 275-5350
F: (310) 275-5351
E-Mail: ken@freundlichlaw.com
mkaiser@freundlichlaw.com

Attorneys for Plaintiffs
Walter Afanasieff, Katie Cazorla,
The Painted Nail LLC and Katie Cazorla Designs, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE CAZORLA, an individual; WALTER AFANASIEFF, an individual; THE PAINTED NAIL LLC, a California limited liability company; KATIE CAZORLA DESIGNS, LLC, a California limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>KEN HUGHES, an individual; and DIGITAL WELDERS, an entity of unknown form<br><br>Defendants. | Case No. CV14-2112-MMM-CWx<br><br>PRELIMINARY INJUNCTION ORDER |

1

**PRELIMINARY INJUNCTION ORDER**

**TO DEFENDANTS KEN HUGHES AND DIGITAL WELDERS:**

This matter having come before the Honorable Margaret M. Morrow on April 7, 2014, on Plaintiffs Katie Cazorla, Walter Afanasieff, The Painted Nail LLCand Katie Cazorla Designs, LLC's ("KC Designs") ("Plaintiffs") application for a preliminary injunction against Defendants Ken Hughes and Digital Welders (collectively, "Defendants"), with Kenneth D. Freundlich, Esq. and Michael J. Kaiser, Esq. of Freundlich Law appearing for Plaintiffs, and Defendant Ken Hughes appearing via telephone, *pro se*;

And, the Court having considered the Complaint, the Declarations and Memorandum of Points and Authorities presented by Plaintiffs in support of their applicationand in Reply to Hughes' Opposition, Hughes' Opposition (and Hughes' two supplemental declarations , as well as the arguments made orally before the Court;

And the Court having found that good cause exists therefor, and Plaintiffs having shown, *inter alia*, that immediate and irreparable harm will result to Plaintiffs in the absence of the requested relief.

**THE COURT FINDS THAT:**

1. Plaintiff The Painted Nail LLC has a registered trademark in "THE PAINTED NAIL" mark (U.S. Reg. No. 4076664) ("the Mark").

2. It appears likely the Mark was distinctive at the time it was registered.

3. It appears likely Defendants have, with a bad faith intent to profit, intentionally used the Mark without Plaintiff The Painted Nail LLC's permission in a domain name (ThePaintedNail.com) identical or substantially similar to the Mark by altering the registration and related contact and domain registrar account information associated with ThePaintedNail.com without Plaintiff The Painted Nail LLC's permission in a manner that excludes Plaintiff from exercising its rightful dominion over ThePaintedNail.com.

4. The Painted Nail LLC has demonstrated a likelihood of success on the merits of its cybersquatting claim against Defendants under 15 U.S.C. § 1125(d). At the very least, Plaintiff The Painted Nail LLC has shown there are serious questions going to the merits of its cybersquatting claim under 15 U.S.C. § 1125(d).

5. KatieCazorla.com is identical to the name of Plaintiff Katie Cazorla.

6. It appears likely Defendants, with a bad faith intent, registered KatieCazorla.com in Defendants' names without Plaintiff Cazorla's permission, and used KatieCazorla.com without permission or consent from Plaintiff.

7. Accordingly, Plaintiff Cazorla has demonstrated a likelihood of success on the merits of her cybersquatting claim under Cal. Bus. and Prof. Code § 17525. At the very least, Plaintiff Cazorla has shown there are serious questions going to the merits of her cybersquatting claim under Cal. Bus. and Prof. Code § 17525.

8. It appears likely that, for Plaintiffs' good and valuable consideration to Defendants, Defendants agreed orally to purchase and register KatieCazorla.com, EverythingNailz.com, TheNailCollective.com, and HiSocietea.com on Plaintiff Katie Cazorla's behalf and in her name. It appears likely Defendants breached the aforesaid agreement by registering those domains in Defendants' names.

9. It appears likely that, for good and valuable consideration, Defendants agreed to maintain ThePaintedNail.com and the website content thereat on Plaintiff The Painted Nail LLC's behalf. It appears likely Defendants breached the aforesaid agreement by changing certain contact information for ThePaintedNail.com so that even though it remains registered in Plaintiff Cazorla's name with domain registrar GoDaddy.com, the contact information and administrative "keys" wrongfully belong to Defendants and not to The Painted Nail LLC.

10. It appears likely that, for good and valuable consideration, Defendants also agreed to design and build content for the websites associated with all domain names in dispute. It appears likely that it was agreed between the parties that all

website content would be the exclusive property of Plaintiffs Katie Cazorla and The Painted Nail LLC. It appears likely Defendants breached the aforesaid agreement by, prior to this litigation, refusing to deliver to Plaintiffs exclusive title to and possession of the domain names and the website content associated therewith.

11. It appears likely that Plaintiffs Katie Cazorla and The Painted Nail LLC performed their contractual obligations under the parties' agreement.

12. Accordingly, Plaintiffs Katie Cazorla and The Painted Nail LLC have demonstrated a likelihood of success on their breach of contract claim. At the very least, Plaintiffs Katie Cazorla and The Painted Nail LLC have shown there are serious questions going to the merits of their breach of contract claim.

13. It appears likely that Plaintiffs will suffer immediate and irreparable harm if an injunction is not entered because, *inter alia*, (i) allowing Defendants to continue to control the websites could cause Plaintiffs serious harm, as Defendants' prior conduct in registering the domain names using Defendants' contact information, removing web content, and refusing to transfer domain names when Plaintiffs demanded they do, demonstrates that absent a court order, Defendants may take action that is harmful to Plaintiffs' livelihood in ways that are difficult to measure, (ii) Defendants could refuse to transfer EverythingNailz.com, the NailCollective.com and HiSocieta.com to Plaintiffs, (iii) Plaintiff Cazorla is imminently opening a salon at the W Hotel and lack of web content and access to ThePaintedNail.com reduces profits and harms Plaintiffs' business goodwill in ways that are hard to quantity, (iv) given that Cazorla is, to some extent, a public figure, her inability to control the website bearing her name creates a likelihood of confusion as to the source, sponsorship, and affiliation and endorsement of KatieCazorla.com, and (v) Cazorla's inability to control EverythingNailz.com prevents her from promoting her new wholesale nail supply business, Everything Nailz, which is opening imminently in Studio City. This has harmful effects that are difficult to quantity.

14. The balance of hardships tips sharply in Plaintiffs' favor because, *inter alia*, as demonstrated above, Plaintiffs will likely suffer immediate and irreparable harm if an injunction does not issue, whereas there is no evidence that Defendants would suffer any hardship as a result of this Preliminary Injunction.

15. It is in the public interest for this injunction to issue because the reach of the injunction may not be limited only to the Parties but may also include customers of The Painted Nail, who may experience confusion if they are unable to browse ThePaintedNail.com website.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for a Preliminary Injunction is hereby GRANTED.

IT IS FURTHER ORDERED that Defendants and their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, shall immediately cease and desist all use of Katie Cazorla's, The Painted Nail LLC's, and Katie Cazorla Designs, LLC's names, trademarks, domain names and website materials, except insofar as Defendants are using them on websites lawfully owned by Defendants which are not the subject of this preliminary injunction, including http://digitalwelders.com; and

IT IS FURTHER ORDERED that Defendants and their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, shall immediately cease and desist from assigning, transferring or otherwise hypothecating any of the following domain names: (a) KatieCazorla.com; (b)EverythingNailz.com; (c) TheNailCollective.com; (d) ThePaintedNail.com, and (e) HiSocietea.com (all five, collectively, "Plaintiffs' Domain Names"), to anyone other than Plaintiffs; and

IT IS FURTHER ORDERED that the domain registrar transfer Plaintiffs' Domain Names forthwith in a manner that permits Plaintiffs Cazorla and The Painted Nail full, complete, and exclusive administration and control over these domain

names, only restricting Plaintiffs, during the pendency of this action, from further transfer of Plaintiffs' Domain Names to third parties; and

IT IS FURTHER ORDERED that Defendants take all necessary actions to assist the registrar in transferring Plaintiffs' Domain Names to Plaintiff Cazorla forthwith, such that Cazorla has full, complete, and exclusive administration and control over Plaintiffs' Domain Names; and

IT IS FURTHER ORDERED that Defendants transfer any and all website content at the following domain names in the following manner forthwith: (a) KatieCazorla.com to Plaintiff Katie Cazorla Designs, LLC, including, without limitation, the web store associated therewith (b) EverythingNailz.com to Plaintiff Cazorla, (c) TheNailCollective.com to Plaintiff Cazorla, and (d) HiSocietea.com to Plaintiff Cazorla; and

IT IS FURTHER ORDERED that Defendants forthwith transfer to Plaintiffs Cazorla and/or The Painted Nail, LLC, all website content referring or relating to The Painted Nail, LLC in Defendants' possession, custody or control including, without limitation, the web store associated therewith; and

IT IS FURTHER ORDERED that Defendants and their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, shall cooperate with Plaintiffs and/or the domain registrar, (i) to remove all of Defendants' access to Plaintiffs' Domain Names, including without limitation, disassociating Defendants with respect to hosting accounts connected with Plaintiffs' Domain Names, and (ii) to assure that Plaintiffs have exclusive unfettered access to and administration and control over Plaintiffs' Domain Names; and

IT IS FURTHER ORDERED that Plaintiffs shall not be required to post a bond because the evidence indicates that Defendants will not suffer any damage by the issuance of this preliminary injunction.

## **EFFECTIVE DATE/TIME**

This Preliminary Injunction is effective immediately and shall remain in effect during the pendency of this action.

SO ORDERED, this 8th day of April, 2014.

_____
Margaret M. Morrow
United States District Judge

**PRELIMINARY INJUNCTION ORDER**